```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO


**JUAN ANTONIO BAEZ-JURADO**,    *
Petitioner,                      *
                                 *
                                 *
        v.                       *   Civil No. 06-1591 (DRD)
                                 *   Related to Crim. No. 95-235(DRD)
                                 *
**UNITED STATES OF AMERICA**,    *
Respondent.                      *
                                 *
_____
```

## OPINION AND ORDER

Juan Antonio Báez-Jurado (hereinafter, "Petitioner" or "Petitioner Báez-Jurado") proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code. Petitioner claims that his sentence should be set aside pursuant to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In response, the United States argues that Petitioner's motion under 28 U.S.C. § 2255 is time-barred, and thus foreclosed, because the one-year statute of limitations to present such a claim expired more than a year before it was filed. For the following reasons, the Court **DENIES** Petitioner's motion.

## I. BACKGROUND

On December 12, 1997, Petitioner Báez-Jurado and four co-defendants were each convicted on both counts of a grand jury indictment charging them with (1) aiding and abetting each other in

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                              Page 2

a carjacking that resulted in the death of the victim, in violation of 18 U.S.C. §§ 2 & 2119(3); and (2) conspiring to commit that carjacking, in violation of 18 U.S.C. § 371.

Petitioner's sentencing hearing was held on August 28, 1998. (Crim. D.E. 667). The Court sentenced Petitioner to life imprisonment on each count, to be served concurrently. Judgment was entered September 8, 1998. (Crim. D.E. 669).

On appeal, Petitioner argued that the district court erred in imposing a life sentence for conviction on Count Two, which charged him with conspiracy in violation of 18 U.S.C. § 371. The Government conceded that 18 U.S.C. § 371 provided for imprisonment of "not more than five years." On January 31, 2000, the Court of Appeals vacated Petitioner's sentence on Count Two of the Indictment, and remanded the case for resentencing. See, United States v. Báez-Jurado, 202 F.3d 54, 59 (1st Cir. 2000).

On August 16, 2000, Petitioner was resentenced to life imprisonment as to Count One and sixty (60) months as to Count Two, said terms of imprisonment to be served concurrently with each other. Judgment was entered on August 17, 2000. (Crim. D.E. 746).

Petitioner appealed one more time after being resentenced. However, counsel for Petitioner filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On February 5, 2002, Petitioner's conviction and sentence were affirmed

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                        Page 3

on appeal. <u>United States v. Báez-Jurado</u>, Appeal No. 00-2203 (1st Cir. 2002)(Unpublished).

Petitioner did not file a petition for a writ of certiorari to the U.S. Supreme Court. Accordingly, for statute of limitations purposes, Petitioner's judgment of conviction became final on May 5, 2002, that is, ninety days after the Court of Appeal's Judgment. <u>See Clay v. United States</u>, 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); <u>see</u> Sup.Ct. R. 13(3). Petitioner was required to file his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 within one year of that date. However, Petitioner's motion under § 2255 was filed on June 16, 2006, well-beyond the requisite statute of limitations. (D.E. 2).

## II. DISCUSSION

The Court notes that Petitioner Báez-Jurado waited more than four years, from the date that his conviction became final, to present his motion under 28 U.S.C. § 2255, thus, failing to survive the bar created by the one-year limitation period.

### A. The AEDPA Statute of Limitations

Section 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), provides for a one-year statute of limitations as follows:

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgment of conviction becomes final;

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                    Page 4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."
28 U.S.C. § 2255 .

In the instant matter, Petitioner Baez-Jurado's motion is untimely regardless of which of the above conditions is employed. As pointed out above, Section 2255 lists four possible dates for determining the timeliness of a motion. In summary, there is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255.  Unless one of the three exceptions applies as provided in §2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (1).  Thus, the relevant date for purposes of considering the instant motion is "one year following the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(1)

Petitioner Baez-Jurado's judgment of conviction was entered on

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                          Page 5

September 18, 1998.  He filed a direct appeal and, on January 31, 2000, his sentence as Count Two was vacated and the case was remanded for resentencing.  On August 16, 2000, Petitioner was resentenced to life imprisonment as to Count One and sixty (60) months as to Count Two, said terms of imprisonment to be served concurrently with each other.  Judgment was entered on August 17, 2000. (Crim. D.E. 746). On February 5, 2002, Petitioner's conviction and sentence were affirmed on appeal. United States v. Baez-Jurado, Appeal No. 00-2203 (1st Cir. 2002)(Unpublished).

Petitioner did not file a petition for a writ of certiorari to the U.S. Supreme Court.  His judgment of conviction became "final" for purposes of § 2255(1) on May 5, 2002, the date on which the Petitioner's time for filing a timely petition for certiorari review expired.  Clay v. United States, 537 U.S. 522, 532 (2003)("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Derman v. United States, 298 F.3d 34, 41 (1st Cir. 2002). In Derman, the First Circuit explained that a defendant has ninety (90) days from the date the judgment was entered to file a petition for a writ of certiorari to the Supreme Court of the United States. Id. at 39.  Thus, if a defendant chooses not to petition the Supreme Court, the conviction becomes final upon the expiration of that ninety (90) day period.  Petitioner, in the present case, did not seek a writ of certiorari.   Therefore,

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                            Page 6

Petitioner's judgment of conviction became final in accordance with § 2255(1) on May 5, 2002, after expiration of the ninety (90)day period to file a writ of certiorari before the U.S. Supreme Court. Consequently, the one year statute of limitations under § 2255(1) dictated that Petitioner seek relief in federal court before May 5, 2003. In other words, under the one-year statute of limitations, Petitioner's opportunity to file a § 2255 motion expired on May 5, 2003.

Petitioner filed his § 2255 motion on June 16, 2006, four years following finality of judgment. Therefore, having failed to file his motion within one year of the date that his conviction became final, Petitioner Báez-Jurado's motion is untimely.

Furthermore, as to Petitioner's sentencing arguments, the rulings of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are not retroactive on collateral review. Torres-Quiles v. U.S., 379 F.Supp.2d 241 (D. Puerto Rico 2005); see also, McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005) (Booker does not apply retroactively to criminal cases that became final before its release); U.S. v. Fraser, 407 F.3d 9 (1st Cir. 2005) (petitions under § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); Cirilo-Muñoz v. U.S., 404 F.3d 527,

Civil No. 06-1591(DRD)
Criminal No. 95-235(DRD)                                           Page 7

533 (1st Cir. 2005). Accordingly, this Court is precluded from entertaining Petitioner's claim.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **JUAN ANTONIO BÁEZ-JURADO** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **JUAN ANTONIO BÁEZ-JURADO'S** request for habeas relief under 28 U.S.C. §2255 (D.E. 2) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (D.E. 2) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th of June, 2009.

                                    s/ Daniel R. Domínguez
                                    **DANIEL R. DOMÍNGUEZ**
                                    **U.S.District Judge**